UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUE QIONG CUI, | ) |
| | ) CASE NO. C17-00039RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DENYING MOTION TO |
| | ) APPOINT COUNSEL |
| XIAO BING CHEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. #7. Plaintiff's Motion fails to indicate a financial need for counsel. Dkt. #7 at 1. The Motion indicates that this case was transferred from other state jurisdictions, however Plaintiff fails to explain previous efforts to retain an attorney. *Id.* at 2. Under "Merits of Claim," Plaintiff writes simply, "[t]he truth can't be hide (sic) as required by CBP." *Id*.

In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In this case the Court has insufficient information to determine whether Plaintiff is capable of preparing his own case or whether there is any likelihood of success on the merits. Plaintiff's Motion is devoid of any of the above necessary information. The Court therefore finds that this case lacks the "exceptional circumstances" necessary to appoint counsel and will deny Plaintiff's Motion.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Appoint Counsel (Dkt. #7) is DENIED.

DATED this 7th day of April, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO APPOINT COUNSEL - 2